IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Andre Ross,<br><br>    Petitioner,<br><br>vs.<br><br>Terry Goddard, Arizona Attorney General;<br>Dora B. Schriro, Director, Arizona<br>Department of Corrections,<br><br>    Respondents. | No. CIV 04-1198-PHX-DGC (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE DAVID G. CAMPBELL, U.S. DISTRICT JUDGE:

    Michael Andre Ross filed a timely petition for writ of habeas corpus on June 10, 2004, challenging his conviction in Maricopa County Superior Court for aggravated assault, and the imposition of an 11.25 year term of imprisonment. Ross argues 11 grounds in his federal petition. Respondents contend that Ross has procedurally defaulted on all grounds. For the reasons stated below, the Court recommends that Ross' petition be denied and dismissed with prejudice.

**FACTS AND PROCEDURAL HISTORY**

    The facts surrounding Ross' conviction are summarized in the court of appeals' memorandum decision:

> The record reflects that during a party at the apartment of defendant and his girlfriend ("the victim"), an argument arose between defendant and the victim's father over music. Defendant also became angry when the victim's father commented on defendant's inability to sing. The victim's father then went to his own apartment, which was in the same complex.

> The victim called her father at home and informed him that defendant was still angry. The victim told everyone that her father was coming back to the party. The victim's father returned to put everyone at ease and explained to defendant that he was not being disrespectful, and that defendant should not be upset. Defendant began to yell at the victim's father and turned over a table. As the victim's father exited the apartment again, defendant could be heard inside the apartment yelling to be let out.
>
> The victim, who remained inside the apartment with defendant, told him to calm down. Defendant shoved the victim, causing her to scream. The victim's father heard the victim scream while he was outside and went back to defendant's apartment. Defendant walked outside the apartment, whereupon a fight broke out between defendant and the victim's father.
>
> During the fight outside, defendant slashed the victim's father's face with a knife. The victim's father then swung a stepladder and struck defendant. The victim's father ran into the apartment, with defendant in pursuit with the knife. Defendant pursued the victim's father into the kitchen, where he continued to stab at the victim's father.
>
> The victim got between defendant and her father, yelling for defendant to stop. As she stood between them, defendant continued to swing the knife. Defendant cut the victim's arm and hand as she tried to protect her father. Defendant concedes that he cut the victim when she attempted to protect her father. Defendant continued to stab at the victim's father, and yelled "I'm going to kill you." The police arrived shortly thereafter. Witnesses told police that defendant stabbed the victim and her father. The victim's father never possessed a knife during the fight, and defendant sustained no injuries.
>
> Defendant was charged with aggravated assault of the victim's father, the victim, and the victim's sister. At trial, defendant's primary defense was that the victim's father was the aggressor, and that all of defendant's actions were justified use of force pursuant to Arizona Revised Statute ("A.R.S.") section 13-411. Defendant further claimed that he injured the victim only because she negligently interfered with his attempts to defend himself. Ultimately, the jury hung on the count regarding the victim's father, and acquitted defendant regarding the other sister. The jury convicted defendant on Count 2 for the aggravated assault of the victim.

(Doc. #15, Exh H, memorandum decision at 1-3).

On direct review, Ross raised three issues of trial court error: 1) the failure to instruct the jury that the victim's alleged negligence could relieve Ross of any criminal liability; and the failure to define "innocent bystander" as it related to the justification defense instruction given to the jury; 2) insufficient evidence to support the conviction for aggravated assault; and 3) the denial of his new trial motion based upon the trial court's refusal to let the jury consider the victim's negligence. Following the court of appeals' memorandum decision

affirming his conviction and sentence, Ross filed a petition for post-conviction relief, raising the following issues:

    1.    The jury instruction on unavailability of the justification defense for injuries to an innocent bystander shifted the burden to Ross to prove beyond a reasonable doubt that the victim was not an innocent bystander;

    2.    The prosecutor engaged in misconduct by requesting the above instruction;

    3.    The trial court erred by denying Ross' motion for acquittal;

    4.    There was insufficient evidence to support the conviction;

    5.    The trial court erred by finding Ross' release status as an aggravating factor at sentencing, as well as the aggravating and mitigating factors used for sentencing;

    6.    Trial counsel was ineffective for failing to properly research justification law; failing to state Ross' defense in the opening statement, closing argument and motion for a new trial; failing to adequately argue the motion for acquittal; failing to object to an improper instruction; and failing to present Ross' "true" defense;

    7.    There was an alleged conflict in counsel's defense, as opposed to Ross' "true defense";

    8.    The errors amounted to plain error in violation of the Federal Rules of Criminal Procedure;

    9.    Appellate counsel was ineffective because he did not raise Ross' theory of the case;

    10.    There was cumulative error; and

    11.    A request "that this court hold an evidentiary hearing as stated concerning this claim."

(Doc. #11, Exh F).

All claims aside from the ineffective assistance claims were summarily denied because the court found they could have been raised on direct appeal (*Id.*, Exh G). Regarding his claims of ineffective assistance, the trial court ruled as follows:

> Petitioner fails to set forth a colorable claim for ineffective assistance of trial or appellate counsel. His trial counsel did not fail to argue his defenses. The issue of whether Trinity Stelter was an innocent bystander was raised by counsel at trial and on appeal. The Court instructed the jury on this issue.
>
> The Court of Appeals has already ruled that the jury was not erroneously instructed on the law. Therefore, trial and appellate counsel did not fail to appropriately represent this Defendant.

(*Id.*, Exh G).

The court of appeals denied review (*Id.*, Exh I). In his federal petition, Ross reurges the claims raised in his Rule 32 petition.

## PROCEDURAL DEFAULT

A state prisoner must exhaust his state remedies before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1) & (c); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *McQueary v. Blodgett*, 924 F.2d 829, 833 (9th Cir. 1991). To properly exhaust state remedies, a petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 839-846 (1999). In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-conviction relief. *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which the claim is based. *Bland v. Cal. Dep't of Corrections*, 20 F.3d 1469, 1472-73 (9th Cir.1994), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc); *Tamalini v. Stewart*, 249 F.3d 895, 898 -99 (9th Cir. 2001). The exhaustion requirement will not be met where the Petitioner fails to fairly present his claims. *Roettgen*, 33 F.3d at 38.

If a petition contains claims that were never fairly presented in state court, the federal court must determine whether state remedies remain available to the petitioner. *See Rose v. Lundy*, 455 U.S. 509, 519-20 (1982); *Harris v. Reed*, 489 U.S. 255, 268-270 (1989) (O'Connor, J., concurring). If remedies are available in state court, then the federal court

- 4 -

1 may dismiss the petition without prejudice pending the exhaustion of state remedies. *Id.*
2 However, if the court finds that the petitioner would have no state remedy were he to return
3 to the state court, then his claims are considered procedurally defaulted. *Teague v. Lane*, 489
4 U.S. 288, 298-99 (1989); *White v. Lewis*, 874 F.2d 599, 602-605 (9th Cir. 1989). The federal
5 court may decline to consider these claims unless the petitioner can demonstrate that a
6 miscarriage of justice would result, or establish cause for his noncompliance and actual
7 prejudice. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman v. Thompson*, 501 U.S.
8 722, 750-51 (1991); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Wainwright v. Sykes*,
9 433 U.S. 72, 86 (1977); *United States v. Frady*, 456 U.S. 152, 167-68 (1982).

10 Further, a procedural default may occur when a Petitioner raises a claim in state court,
11 but the state court finds the claim to be defaulted on procedural grounds. *Coleman*, 501 U.S.
12 at 730-31.  In such cases, federal habeas review is precluded if the state court opinion
13 contains a plain statement clearly and expressly relying on a procedural ground "that is both
14 'independent' of the merits of the federal claim and an 'adequate' basis for the court's
15 decision." *See Harris*, 489 U.S. at 260. A state procedural default ruling is "independent"
16 unless application of the bar depends on an antecedent ruling on the merits of the federal
17 claim. *See Ake v. Oklahoma*, 470 U.S. 68, 74-75 (1985); *Stewart v. Smith*, 536 U.S.856
18 (2002). A state's application of the bar is "adequate" if it is "'strictly or regularly followed.'"
19 *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988) (quoting *Hathorn v. Lovorn*, 457 U.S. 255,
20 262-63 (1982)). In cases in which a state prisoner has defaulted his federal claims in state
21 court pursuant to an independent and adequate state procedural rule, just as in cases
22 involving defaulted claims that were not fairly presented, federal habeas review of the claims
23 is barred unless the prisoner can demonstrate a miscarriage of justice or cause and actual
24 prejudice to excuse the default. *See Coleman*, 501 U.S. at 750-51.

**DISCUSSION**

26 The Court agrees with Respondents that Ross has procedurally defaulted all his
27 grounds except for the claims of ineffective assistance. Grounds I-V, VII, VIII, X and XI

- 5 -

1 were summarily denied when Ross argued them in the superior court because the court found 2 they could have been raised on direct appeal. In so ruling, the state court applied a 3 procedural bar, Rule 32.2(a) of the Arizona Rules of Criminal Procedure, which precludes 4 post-conviction relief based on claims that were either raisable or waived on direct review. 5 Ross is now time-barred from returning to state court for a review of such claims because his 6 claims do not fall within one of the exceptions under Rules 32.1(d)-(h) and 32.4(a). In 7 addition, this procedural bar is "both 'independent' of the merits of the federal claim and an 8 'adequate' basis for the court's decision." *See Harris*, 489 U.S. at 260.

9 Concerning Grounds VI and IX, his claims of ineffective assistance of both trial and 10 appellate counsel, Respondents contend that these have not been fairly presented to the state 11 court because, in requesting review of his post-conviction petition, Ross asserted "only a 12 generic argument that trial and appellate counsel were ineffective for failing to argue the 13 'correct defense'" (Doc. #15 at 8), and not the specific errors raised in his federal petition. 14 A review of the record indicates that Ross presented as issues for review to the court of 15 appeals whether both trial counsels and appellate counsel provided ineffective assistance in 16 violation of his constitutional rights (*Id*. Exh G).

17 Assuming *arguendo* that Ross sufficiently presented his ineffective assistance claims 18 to the court of appeals to fulfill the exhaustion requirement, they still fail. First, Ross' 19 underlying argument is that the state court did not properly instruct the jury on an element 20 of his defense, a matter of state law not reviewable in a habeas petition. *See Estelle v.* 21 *McGuire*, 502 U.S. 62, 67-68 (1991). Second, trial counsel's decision to argue justification 22 was a tactical one; a disagreement about trial tactics cannot form the basis for a claim of 23 ineffective assistance. *People of Territory of Guam v. Santos*, 741 F.2d 1167, 1169 (9th Cir. 24 1984). Finally, the state court concluded that "trial counsel did not fail to argue his defenses" 25 (Doc. #15, Exh F). In doing so, it necessarily found that counsel's performance was not 26 deficient, and that Ross suffered no prejudice. *See Strickland v. Washington*, 466 U.S. 668 27 (1984). Ross' claim with regard to appellate counsel fails for the same reasons.

28

- 6 -

**IT IS THEREFORE RECOMMENDED** that Michael Andre Ross' Petition for Writ of Habeas Corpus be **DENIED** and **DISMISSED WITH PREJUDICE** (Doc. #1).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 24th day of April, 2006.

_____
David K. Duncan
United States Magistrate Judge

- 7 -