**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Andre Ross, | No. CV-04-1198-PHX-DGC (DKD) |
| Petitioner, | **ORDER** |
| v. | |
| Terry Goddard, Arizona Attorney General; Dora B. Schriro, Director, Arizona Department of Corrections, | |
| Respondents. | |

Pending before the Court are Michael Andre Ross's petition for writ of habeas corpus and United States Magistrate Judge David Duncan's Report and Recommendation ("R&R"). Dkt. ##1, 18. The R&R recommends that the Court deny the petition. Dkt. #18 at 7. Petitioner has filed objections to the R&R. Dkt. #25. For reasons set forth below, the Court will accept the R&R and deny the petition.

**I.   Background.**

On October 17, 2000, Petitioner and his girlfriend, Trinity Shelter ("the victim"), hosted a party at their apartment, during which an argument arose between Petitioner and the victim's father over the type of music being played and Petitioner's ability to sing. The victim's father then left the party, but returned after hearing that Petitioner was still angry. After explaining to Petitioner that he did not mean to be disrespectful, the victim's father left the apartment. Petitioner was still angry and pushed the victim after she told him to calm

down. Hearing the victim scream, her father turned back toward the apartment. Petitioner met him outside and a fight ensued. Petitioner slashed the father's face with a knife. The father struck Petitioner with a stepladder and ran into Petitioner's apartment. Petitioner pursued the father into the apartment and continued to swing the knife and threaten his life. As the victim got between Petitioner and her father, Petitioner cut her with the knife.

Petitioner was charged with aggravated assault of the victim, the father, and the victim's sister. During trial, Petitioner claimed that the father was the aggressor and that Petitioner's actions were justified uses of force under A.R.S. § 13-411. Petitioner also claimed that the victim was only injured because she negligently interfered with his attempts to defend himself. The jury hung on the count regarding the father and acquitted Petitioner on the count involving the victim's sister. Petitioner was convicted on the count of aggravated assault of the victim and sentenced to 11.25 years in prison. He currently is confined at the Arizona State Prison Complex-Buckeye.

On direct appeal, Petitioner claimed that (1) the trial court erred by failing to instruct the jury that the victim's alleged negligence could relieve Petitioner of criminal liability and by failing to define "innocent bystander" as it related to the justification defense; (2) there was insufficient evidence to support the conviction; and (3) the trial court erred by denying his motion for a new trial based on the court's refusal to let the jury consider the victim's negligence. The Arizona Court of Appeals affirmed the conviction in a memorandum decision. Dkt. #15, Ex. H.

Petitioner filed a petition for post-conviction relief with the following counts:

I. The jury instruction on unavailability of the justification defense for injuries to an innocent bystander improperly shifted the burden to Petitioner to prove beyond a reasonable doubt that the victim was not an innocent bystander;

II. The prosecutor engaged in misconduct by requesting the above instruction;

III. The trial court erred by denying Petitioner's motion for acquittal;

IV. There was insufficient evidence to support the conviction;

V. The trial court erred by finding Petitioner's release status as an aggravating factor at sentencing;

VI. Trial counsel was ineffective for failing to research justification law properly; failing to state Petitioner's defense in the opening statement, closing argument, and motion for a new trial; failing to argue adequately the motion for acquittal; failing to object to an improper instruction; and failing to present Petitioner's "true" defense;

VII. There was an alleged conflict in counsel's defense, as opposed to Petitioner's "true defense";

VIII. The errors amounted to plain error in violation of the Federal Rules of Criminal Procedure;

IX. Appellate counsel was ineffective because he did not raise Petitioner's theory of the case;

X. There was cumulative error; and

XI. A request "that this court hold an evidentiary hearing as stated concerning this claim."

Dkt. #11, Ex. F.

The state court summarily denied all but the ineffective assistance of counsel claims (VI and IX) because Petitioner had failed to raise them on direct appeal. Dkt. #15, Ex. F. The court found that his ineffective assistance claims lacked merit because both trial and appellate counsel raised the issue of whether the victim was an innocent bystander, which Petitioner claimed they had not, and because the court of appeals had already ruled the jury was not erroneously instructed. *Id.*

The court of appeals declined to review the trial court's denial of the petition for post-conviction relief. In his petition for writ of habeas corpus, Petitioner advances the same eleven claims he made in his post-conviction relief efforts.

**II. Standard of Review.**

Under the Antiterrorism and Effective Death Penalty Act of 1996, the Court may not grant habeas relief unless Petitioner has exhausted his claims in state court. 28 U.S.C. § 2254(b)(1); *see Gray v. Netherland*, 518 U.S. 152, 161 (1996). To exhaust claims properly in state court, a petitioner must fairly present his claims to the state's highest court in an appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 839-46 (1999). In Arizona, a petitioner may exhaust state remedies by fairly presenting his claims to the Arizona Court of Appeals through the direct appeal process or through appropriate post-conviction relief.

1  *Swoopes v. Sublett*, 196 F.3d. 1008, 1010 (9th Cir. 1999). To fairly present the claims, the
2  petitioner must describe the operative facts and the federal legal theory on which the claim
3  is based. *Tamalini v. Stewart*, 249 F.3d 895, 898-99 (9th Cir. 2001) (quoting *Bland v. Cal.*
4  *Dep't of Corrections*, 20 F.3d 1469, 1472-73 (9th Cir. 1994), *overruled on other grounds by*
5  *Schell v. Witek*, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc)).

6        Procedural default occurs when a state court finds a claim barred on procedural
7  grounds that are independent of the merits of the federal claim and that provide an adequate
8  basis for the court's decision. *Harris v. Reed*, 489 U.S. 255, 262 (1989). A ruling by a state
9  court that a claim is defaulted under Arizona Rule of Criminal Procedure 32.2(a) based on
10 failure to raise it on direct appeal is both an independent and adequate reason that a petitioner
11 has no remedy available in state court. *Stewart v. Smith*, 536 U.S. 856, 860 (2002). Thus,
12 although the claim is technically exhausted because petitioner has no state court remedy, it
13 may be procedurally defaulted. If a state court finds that a petitioner's claims are
14 procedurally defaulted, federal habeas review is precluded unless the petitioner can show that
15 a miscarriage of justice would result if he is not allowed to bring his habeas petition or that
16 cause and actual prejudice should excuse the default. *Coleman v. Thompson*, 501 U.S. 722,
17 753 (1991).

18       If a petitioner has exhausted his claims and a state court adjudicated them on the
19 merits, a federal court may not grant habeas relief unless the state's adjudication of the
20 claims resulted in a decision that was contrary to, or involved an unreasonable application
21 of, clearly established federal law, or resulted in a decision that was based on an
22 unreasonable determination of the facts in light of the evidence presented in the state court
23 proceedings. 28 U.S.C. § 2254(d). In all cases, state court rulings deserve great deference.
24 *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir. 2003) ("The Supreme Court has said that
25 § 2254(d)(1) imposes a 'highly deferential standard for evaluating state-court rulings,' and
26 'demands that state court decisions be given the benefit of the doubt.'" (quoting *Lindh v.*
27 *Murphy*, 521 U.S. 320, 333 n.7 (1997); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)).

28

**III. Counts I-V, VII, VIII, X, XI.**

The R&R found that Petitioner procedurally defaulted all but his two ineffective assistance claims because he failed to raise them on direct appeal. In so concluding, the R&R agreed with the superior court's finding that Counts I-V, VII, VIII, X, and XI were procedurally barred by Arizona Rule of Criminal Procedure 32.2(a). This rule precludes post-conviction relief based on claims that were available but not raised on direct appeal or other post-trial motions. The R&R found that the state court based its conclusion on grounds that were independent and adequate, and that Petitioner is "now time-barred from returning to state court for a review of such claims because his claims do not fall within one of the exceptions . . ." Dkt. #18 at 6.

This Court need not review any part of the R&R that was not the subject of a specific objection. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Instead, this Court will only perform de novo review of those rulings to which Petitioner has made a specific objection and will accept all other parts of the R&R without review.

**a. First Objection - Petitioner's Actual Innocence Excuses Procedural Default.**

Petitioner first objects that his "multiple claims of ineffective trial and appellate counsel fall squarely within the scope of Rule 32.2(b)," which provides the bases to excuse procedural default. Dkt. #25 at 5. One such basis is the actual innocence exception, under which Petitioner must show by clear and convincing evidence that the facts underlying his claim would be sufficient to establish that no reasonable fact-finder would have found him guilty beyond a reasonable doubt. Ariz. R. Crim. Proc. 32.1(h). The Court rejects this objection.

First, Petitioner mischaracterizes the claims for which he seeks to use the actual innocence exception. Although he attempts to use the exception to excuse perceived default of his ineffective trial and appellate counsel claims, he did not default those claims. Nowhere in his objection does he claim that actual innocence should excuse the procedural default of the nine claims that were defaulted, though he does make the legally unsupported argument that if Rule 32 does not bar every count of his petition then no count is barred. Dkt. #25 at

1. 5. This analysis is simply wrong, and the Court could accept the R&R's finding of procedural default of the nine claims because Petitioner failed to make a proper objection. Nonetheless, the Court will assume Petitioner meant to invoke the actual innocence exception with respect to the nine claims that were procedurally defaulted.

Petitioner's argument does nothing more than try to restate the facts to show that the victim was not an innocent bystander, but instead negligently thrust herself into the fight. The state courts rejected this argument at trial and on direct appeal, where the appellate court's memorandum decision concluded that "the evidence . . . was more than sufficient to permit a jury to find that defendant intentionally, knowingly, or recklessly caused a physical injury to the victim, and that he used a deadly weapon or dangerous instrument. Nothing more is required under Arizona law to convict a person for aggravated assault." Dkt. #15, Ex. H. There is no new evidence in Petitioner's objection, and no basis for this Court to conclude, that "no reasonable fact-finder would have found defendant guilty." Ariz. R. Crim. Proc. 32.1(h). To the contrary, this Court's review confirms that the record contains ample evidence to support Petitioner's conviction. Petitioner's objection thus fails to excuse his procedural default on nine of his claims, and the Court will accept the R&R in this regard.

### b. Second Objection - Cause/Prejudice and Miscarriage of Justice.

Petitioner objects to the procedural default of nine of his claims on the ground that "it would be a miscarriage of justice and cause as well as actual prejudice" if his default is not excused. Dkt. #25 at 5. Yet Petitioner never explains how a miscarriage of justice would occur or why he has cause for his default. His objection is limited to the phrase quoted in the first sentence of this paragraph.

This statement is too broad to mandate de novo review. A primary reason that district courts may accept magistrate court recommendations without explanation when no party objects is to encourage judicial economy and efficiency. *Thomas v. Arn*, 474 U.S. 140, 147-52 (1985). Allowing general objections to trigger de novo review of a magistrate court's recommendation would vitiate the purpose of such recommendations. Non-specific objections to a magistrate's recommendation are functionally equivalent to no objections at

all. *See Sullivan v. Schriro*, No. CV-04-1517-PHX-DGC, 2006 WL 1516005, at *1-2 (D. Ariz. May 30, 2006). Because Petitioner has failed to provide a specific objection to the magistrate's decision, the Court need not review his second objection. *Id*.

**IV. Counts VI and IX.**

Petitioner claims that he received ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments for a variety of reasons, all of which are based on his counsels' alleged failure to offer his "true" defense.[1] The R&R concluded that both of Petitioner's ineffective assistance of counsel claims fail for three reasons.

First, the underlying argument of the ineffective assistance claims is that the jury received improper instructions. This argument has already been rejected by the state courts and is a matter of state law not reviewable in a habeas petition. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Second, the decision by trial counsel not to argue justification was a tactical decision that cannot form the basis for an ineffective assistance claim. *People of Territory of Guam v. Santos*, 741 F.2d 1167, 1169 (9th Cir. 1984). Third, the ineffective assistance claims fail on the merits because the state court concluded that neither trial nor appellate counsel failed to argue his defenses. Dkt. #15, Ex. F ("The issue of whether Trinity Stelter (sic) was an innocent bystander was raised by counsel at trial and on appeal. . . . The Court of Appeals has already ruled that the jury was not erroneously instructed on the law. Therefore, trial and appellate counsel did not fail to appropriately represent this Defendant."). Thus, the R&R found that Petitioner could not meet the requirements of showing that counsel's performance was deficient or that he suffered any prejudice. *See Strickland v. Washington*, 466 U.S. 668 (1984). To the extent that any of Petitioner's ineffective

---

[1] Ground VI of Petitioner's habeas petition alleges ineffective assistance of trial counsel for failing to (1) investigate petitioner's case adequately; (2) give the proper defense in opening statements; (3) argue adequately at the "acquittal hearing"; (4) object to improper jury instructions; (5) give adequate defenses in closing arguments; and (6) argue adequately at the hearing on the motion to vacate the judgment. Ground IX of the petition alleges ineffective assistance of appellate counsel because of his failure to raise grounds I-V, VII, and VIII of this petition in his appellate brief.

- 7 -

assistance claims concern counsel's performance at sentencing, habeas relief is precluded by the Ninth Circuit's ruling that *Strickland* does not delineate clearly established federal law for noncapital sentencing proceedings. *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1244 (9th Cir. 2005) ("[T]he Supreme Court has not decided what standard should apply to ineffective assistance of counsel claims in the noncapital sentencing context. Consequently, there is no clearly established law in this context.").

Petitioner does not object to the R&R's conclusions regarding both trial and appellate counsel and even admits that his appellate counsel "presented and argued meritorious issues in his direct appeal . . ." Dkt. #25 at 6. Therefore, this Court will accept without review the recommendation of the magistrate judge with regard to Claims VI and IX. *See Reyna-Tapia*, 328 F.3d at 1121.

In his objection, Petitioner advances for the first time the argument that his appellate counsel was ineffective because he "elected erroneously to not seek review at the Supreme Court level." Dkt. #25 at 6. The Ninth Circuit has held that a district court need not consider arguments raised for the first time in an objection to a recommendation. *United States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000) (". . . a district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation."). The Court could decline to consider Petitioner's objection because he has had numerous opportunities to raise this argument, but has failed to do so. Nevertheless, Petitioner's objection fails on its merits because even if he had appealed to the state supreme court, Petitioner's claims would have been procedurally barred by Rule 32.2(a) for failure to raise them on direct appeal.

**IT IS ORDERED:**

1. The Magistrate Judge's Report and Recommendation (Dkt. #18) is **accepted**.
2. Petitioner's petition for writ of habeas corpus (Dkt. #1) is **denied**.

- 8 -

3. The Clerk of Court shall **terminate** this action.

DATED this 14th day of September, 2006.

*Daniel G. Campbell*
———————————————
David G. Campbell
United States District Judge